United States District Court
For The District Of Rhode Island

Oliver Lyons Plaintiff

V

Warden James Weeden Etal
Dr Michael Poshkus
Mr. Joseph Morocco
Mr. Joseph Di Nitto

42 U.S.C 1983
Civil Action

CA 06 257

FILED
MAY 25 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Jurisdiction

This Court has lawful Jurisdiction over this legal action pursuant to section 42 U.S.C. 1983

Parties

The Plaintiff is a 56 year old white male in the custody and care of the Defendant officials of the Department of Corrections in Cranston Rhode Island 02903

Lyons V. Warden Weeden Etal Complaint

The Defendant officials Weeden Poshkus Morocca and DiNitto are being sued in their individual as well as official capacity.

At all time material and relevant to the facts alleged in this Complaint Defendant officials and their agents acted under the color Rhode Island General Laws State Law

This is a civil action lawsuit being brought and filed by the Plaintiff Pro Se Oliver Lyons a Rhode Island prisoner in the care and custody of Defendants Warden James Weeden Etal

Pursuant to U.S.C. 42 1983 the Plaintiff alleges the violation and abridgement of Constitutionally protected rights under 8th and 14th Amendments to be protected from cruel and unusual Punishment and the right to Due Process of Law

Lyons v. Warden Jame Weeden Etal Complaint

The Plaintiff also seeks the right to a jury trial on demand a declaratory judgment the holds the Defendants responsible for their wrongful misconduct and actions, monetary damages and injunctive relief

Lyons V. Warden James Weeden Etal Complaint

Fact And Travel Of The Case

Lyons V Warden Weeden Etal Complaint

On September 2, 2004 the Plaintiff filed a Complaint Ca No 04 380T in United States District Court allegeing Violations of his rights under the 8th and 14th Amendments to the United States Constitution. The named defendants were officials and rank and file at High Security

After the law suit was filed on September 2, 2004 the threats and abuse became so severe I was moved to the Intake Service Center in November 2004

I filed a law suit Ca No 05 433 ML in United States District Court because the abuse continued and I was subjected to cruel and unusual Punishment and denied court access, law books, legal materials law cart reading books outdoor recreation hot showers and being locked in my cell and then found not guilty on false and fabricated bookings.

The Defendants filed a motion to dismiss and the Court found the Plaintiff stated a claim against Defendant Lombardi at Intake for a Violation of the Plaintiffs 8th Amendment

rights and also the Plaintiff a claim for a Violation of his 1st Amendment right of the Constitution by Defendants Barney Raposa and Delaney and that Barney and Raposa and Delaney had taken retaliatory action against the Plaintiff.
On November 17, 2005 the Plaintiff was again moved this time to Maximum Security where Defendant James Weeden is the Warden.
The Plaintiff was put in Segregation and told he would not get a knee brace, despite three MRI confirming torn ligaments and other severe damage to the Plaintiffs meniscus and Patella.
The Plaintiff showed the medical staff his MRI's and severe swelling and told the medical staff he could not move laterally and his knee would buckle and caused severe swelling and pain.
The medical staff at Maximum was also aware as was Director of Medical Services Dr. Michael Poshus that the Plaintiff signed a contract on June 6, 2005 authorizing Dr Fadale

Lyons v Warden Weeden Etal - Complaint

of the orthopedic Sports Clinic at Rhode Island hospital to operate.
Dr. Fadale signed the contract also.
When the Plaintiff arrived at Maximum Security he was put in Segregation in a cell behind the hospital.
The Plaintiff was told by Defendant Weeden he would not receive his supportive footwear perscribed by Dr Fish the D.O.C. Podiatrist.
The Plaintiff believes this is more retaliation by Warden Weeden who is showing a deliberate indifference to serious knee injuries and very painful bone spurs the Plaintiff has had since he was a child.
It should be noted the Plaintiff was allowed footwear at Medium / Security Intake Service Center and High Security.
The Plaintiff's footwear was authorized by a Mr. Joseph Marocco and Director A T Wall said I was never seen by Doctor Fish nor did I ever receive two pairs of sneakers with arch support.
The Director is obviously misinformed!

The Plaintiff is also being denied outside recreation or inside recreation and is confined to a hallway for recreation. This is not a recreation area. The Plaintiff doesn't have footwear that was perscribed by Podiatrist Dr Fish since November 17, 2005.

On February 2, 2006 the Plaintiff was resentenced and transferred to the care and custody of New Hampshire. The Plaintiff was not put in Segregation in New Hampshire and given outdoor recreation, dayroom, showers store orders and radio.

On February 14, 2006 the Plaintiff had a Three 3 way Telephonic Pretrial Conference with Magistrate Hagopian and the Defendants legal Counsel attorney Grant. Magistrate Hagopian was not aware the Plaintiff was in New Hampshire. This was more retaliation and denial of my Due Process by Magistrate Hagopian and the Defendants. When the Plaintiff got off the phone he was told he would not litigate from New Hampshire

Lyons v Warden Weeden Etal Complaint

The Plaintiff was then examined by Doctors in New Hampshire and asked the following questions

How were your ribs fractured three different times?

How did you receive multiple fractures to your face and lacerated eye cornea and multiple cut and bruises?

How did you receive two concussions and many cuts abrasions and bruises and how long were you unconscious?

How did your kidneys get lacerated and your liver bruised?

Was you bleeding internally from your kidneys and liver?

How did you receive the torn ligaments and damage to your meniscus and Patella?

Why didn't doctors operate?

Why did you have three MRI's on the same knee?

How did you get the cut on the back of your head that needed stitches?

How did you receive multiple abrasions and injury to your jaw?

Why haven't the Court done anything to stop this abuse?

The Plaintiff was told he was going back to Rhode Island and that New Hampshire was not responsible for my injuries.

On March 9, 2006 I was returned to Rhode Island and resentenced.

Mr. Joseph DiNitto the head of Classification is most responsible

Lyons V Warden Weeden Etal Cumplaint for the Lies told to New Hampshire State Prison.

An inmate Classified High Security Segregation is suppose to see the Classification Board every 90 days. The Plantiff has gone a year without seeing the Classification Board at High Security and now has not seen the Classification Board since July 2005. Mr. Di Nitto said the Plantiff was seen by the Classification Board in October 2005 then there should be an audio tape and Mr. Di Nitto said a Classification Board was held on Febuary 17 2006 and I was in New Hampshire.

Why would you held a Classification Board in Rhode Island when the Plantiff was in New Hampshire and sentenced to New Hampshires care and custody?

I was Classified in New Hampshire!

Lyons V Warden Weeden Etal Complaint

The Plaintiff has been taken out of Segregation and put in population and returned to Segregation without any discipline infraction whatsoever.

Medical Director Dr Poshkus as been aware of the Plaintiffs abuse, serious knee injuries, and going without a knee brace and supportive footwear The Plaintiffs knee and bone spurs cause constant pain.

A therapist as told the Plaintiff he must do squats and leg lifts and stand on his toes to strengthen the muscles in his right leg before he has surgery if ever.

The United States District Court has had numerous M.R.I.s and orthopedic reports and not issued any preliminary injunctive relief for the Plaintiff.

If this abuse continues from Security to Security the Plaintiff doesn't have any choice but to file his law suit because the defendants Weeden, Poshkus, DiNitto and Moracco are acting under the color of

Lyons v Warden Wheeden Etal Complaint State law and Violating the Plaintiffs Civil rights.

The continued deliberate indifference to the Plaintiffs medical need causing an infliction of unnecessary pain and suffering is knowingly wantonly willfully and maliciously done could have been avoided a long time ago.

The rapidity and number of incidents chronicled is supported with medical documents and many other records that defendants have been allowed to withhold that are relevant to all his allegations.

The Plaintiff is being denied recreation and confined to a five foot wide hallway.

The Plaintiff has been in a Segregation cell for 6 years while being denied Due Process of Law and subjected to a deliberate indifference to his medical needs.

The Plaintiff has received no relief from The Courts.

14

## Claims

The Defendants Weeden, Poshkus, DiNitto and Morocco have subjected the Plaintiff to cruel and unusual punishment by showing deliberate indifference to the Plaintiff need for medical treatment to this day.
This is a clear violation of the Eighth Amendment

## Legal Argument

A deliberate indifference to a persons serious medical needs is a clear violation of the Plaintiffs Eighth Amendment rights prohibition against cruel and unusual punishment.
Under the Eighth Amendment a Plaintiff must show there is "a serious medical need"
Here the Plaintiff has had three MRI's that orthopedic doctors said confirm serious knee damage making surgery necessary long ago and could have prevented much pain and suffering for the Plaintiff

Legal Argument

The Courts have held that a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for doctors attention."
Hill v Dekalb Reg'l Youth Det Ctr 40 F3d 1176 1187 (11th Circuit 1994)
Courts have also held that medical needs must be "one that if left unattended pose(s) substantial risk of additional harm Taylor v Adams 221 F3rd 1254 1258 (11th Circuit 2000)
The medical needs must be "serious"
Torn ligaments damaged meniscus damaged Patella have been not only diagnosed by orthopedic surgeons but confirmed by 3 MRI's and additional injuries done on November 15, 2004 from another assault
Much additional damage could have been avoided if surgery was done in 2001.
Estelle v Gamble 429 U.S. 97 (1976)

Legal Arguments

Farmer V Brennan 511 U.S 825 114 S ct 1970 128 L 2nd 811 (1999)

Quinones v Jimenez Nettleship 842 F2 D 556 558 (1st Circuit 1988)

In addition to the obvious deliberate indifference to his medical needs the defendants have subjected him to a hallway for recreation behind a hospital 5 feet wide.

The Plaintiff is denied footwear (supportive) despite painful bone spurs diagnosed by a Podiatrist at the Department of Corrections a Dr Fish. This again is being done in retaliation for the Plaintiff filing his law suits.

Orthritis is now setting in where the Plaintiffs ribs were repeatedly fractured.

2nd Cause of Action:
The Defendants Violated his "Due Process" under the 14th Amendment by putting him in population and putting him back in Segregation without any discipline infraction whatsoever. This is a State created liberty interest.
The Defendants have denied him access to a Classification Board when he is Classified High Security Segregation and entitled to see a Classification Board every 90 days. A clear Due Process Violation.
The Plaintiff was transferred and sentenced to the care and custody of New Hampshire State Prison on February 2, 2006.
The Plaintiff was given outdoor recreation, dayroom and showers and store orders and could order a radio and had money put in his prison account.
On February 17, 06 Defendants say the Plaintiff had a Classification Board in Rhode Island while I was in the care and custody

Claims

of New Hampshire a clear Violation of the Plaintiff's "Due Process"
The Plaintiff was already classified in New Hampshire and not put in a Segregation cell.
On March 9, 2006 the Plaintiff was returned to Rhode Island and again put in a Segregation cell a Clear Violation of his "Due Process"
This again was done to Punish the Plaintiff because New Hampshire State Prison looked at my medical records and litigation and stated "We are not responsible for your abuse and were not told you had litigation in Federal Court"

Legal Arguments

For Defendant official to be held in Violation of the Plaintiff's 14th Amendment rights they must have subject him to significant hardship in relation to ordinary incident of prison life Sandin v Conner U.S Supreme Court 515 U.S 472 484 (1995)

Legal Arguments

Here the Plaintiff has gone years without seeing a Classification Board a clear Due "Process Violation"

The Plaintiff has been subjected to arbitrary and unfounded discipline infractions and locked in his cell and then found not guilty a clear Due Process Violation.

The Plaintiff was put in population on August 15 2005 and returned to Segregation without any discipline infraction a Clear Due Process Violation.

The Plaintiff was transferred to New Hampshire State Prison and given outdoor recreation, dayroom, showers, store orders, radio and money in his account and not put in Segregation.

On March 9, 2006 the Plaintiff was returned to Segregation in Rhode Island after leaving Rhode Islands care and custody a clear "Due Process" Violation.

Relief

A Plaintiff may have a Federal cause of action under 42 USC 1983 for alleged Violation of his or her Constitutional rights, To establish a Violation of 42 USC 1983 a Plaintiff must demonstrate

1 That he or she was deprived of rights and privileges or immunities secured by the Constitution or laws of the United States

2. The the challenged conduct was committed by a person acting under the color of State law *West v Atkins* 487 U.S. 42 48 (1986)

Relief

The Plaintiff is proceeding Pro Se his pleadings and allegations contained in his Complaint should not be held to the same standard of pleading required by lawyers Haines v Kerner 404 United States Supreme Court

Where upon the Plaintiff seek and believes himself to be entitled to the following relief to be provided and granted by this Court

A. Preliminary Injunctive Relief that halts and puts an end to the Defendants officials continuous practice of deliberate indifference to the Plaintiffs medical needs physical abuse and Due Process

B A jury trial on demand to stop this continuous abuse

C. Declaratory Judgment against the actions of the Defendants

Relief

D. A Court order to stop the Plaintiff from being moved in and out of Segregation without any discipline infractions and being denied population and having falsified disciplinary infractions written on him.

E. Punitive and compensatory damages for an amount determined by a jury

G Bars the Defendants from retaliating against him as this Court as allowed to continue unabated for quite some time.

H. Any other relief that will stop the continued abuse.

Plaintiff Pro Se
[signature]
P.O. Box 8273
Cranston Rhode Island
02920

Verified Complaint

This is a verified Complaint. The undersigned clearly attest under penalty of perjury that the facts alleged to in this Complaint are true and correct to the best of my knowledge and belief

May 15, 06

Oliver Lyman
Plaintiff Pro Se
P.O. Box 8273
Cranston, Rhode Island 02920

Sworn and subscribed to before me on this 15th day of May 2006

Notary Public [signature]

my commission expires MY COMMISSION EXPIRES 9-22-09

# Certification

On May 22 2006 the undersigned mailed the original and a copy of his Complaint Lyons v Wedden Etal with an Affidavit and exhibits in support of his Complaint to United States District Court One Exchange Terrace Providence Rhode Island 02903

May 22, 06

Plaintiff Pro Se
Oliver Lyons
P.O. Box 8273
Cranston, Rhode Island 02920

Affidavit

The undersigned attest under penalty of perjury that the records and documents he submits in support of his Complaint Lyons v Weeden Etal are True copies and show that the Defendants continue to submit falsified documents to the court and repeatedly show deliberate indifference to the Plaintiffs medical needs and cause continued pain and suffering in Violation of the Plaintiffs rights under the 8th Amendment and continue to deny the Plaintiff his "Due Process" under the 14 th Amendment by him being denied Classification Boards, being given falsified bookings and being put back in Segregation for no reason whatsoever

Plaintiff Pro Se
Oliver Lyons
P.O. Box 8273

Sworn and subscribed to before me on this 18th of May 2006

Notary Public [signature]

COMMISSION EXPIRES
9-22-09

my commission expires ________

UNITED STATES DISTRICT COUR
DISTRICT OF RHODE ISLAND
UNITED STATES COURTHOUSE
ONE EXCHANGE TERRACE
PROVIDENCE, RHODE ISLAND 02903

ERNEST C. TORRES
CHIEF JUDGE

October 4, 2005

Oliver Lyons
P.O. Box 8249
Cranston, RI 02920

Re: Your various letters to the Court

Dear Mr. Lyons:

This is to advise you that if you have complaints regarding your treatment at the ACI or grievances against corrections officials that you wish this Court to address, you should file a lawsuit concisely setting forth the facts upon which the complaint or grievance is based; the precise nature of the complaint or grievance and the relief that you are seeking. If you wish the Court to take any interim action in any suit that is pending, that request should be made in the form of a motion that specifies the action requested and sets forth the basis upon which you believe that the request should be granted.

The Court is unable to act on or respond to the numerous letters that you are sending regarding your daily experiences and complaints. Nor is it appropriate for the Court to give you legal advice except to explain the procedures that should be followed as I have already done.

Sincerely yours,

Ernest C. Torres

Ernest C. Torres
Chief Judge

ECT:dms